# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>   Plaintiff,<br><br>v.<br><br>SOUTHERN COMMMERICAL ROOF TECH, LLC; TIMOTHY LEWIS; and RICHARD WESTON,<br><br>   Defendants. | Civil Action File No. |

## COMPLAINT FOR DECLARATORY RELIEF

NOW COMES, State Farm Mutual Automobile Insurance Company, ("State Farm Mutual"), plaintiff in the above styled action for declaratory judgment pursuant to 28 U.S.C. § 2201, and shows the Court the following:

## Parties

1.

State Farm Mutual is an automobile insurance company organized and existing under the laws of the State of Illinois, with its principal office located at One State Farm Plaza, Bloomington, Illinois 61710-0001.

2.

Southern Commercial Roof Tech, LLC ("Southern Commercial) is a Georgia LLC with its principal office address at 5800 Oakbrook Parkway, Suite B,

Norcross, Gwinnett County, Georgia, 30093. Southern Commercial can be served by serving its registered agent, Brandon Barron, at the aforementioned address.

3.

State Farm Mutual issued an automobile insurance policy, policy number 822506911N, ("the Policy") to Southern Commercial providing $1,000,000.00 in liability coverage to Southern Commercial as the named insured under that policy.

4.

The covered vehicle under the Policy was a 2001 Ford F-250 SD, VIN Number 1FDNF20L41EA58946, owned by Southern Commercial ("the Repair Vehicle"). The Repair Vehicle was involved in the motor vehicle accident at issue in this matter. Southern Commercial is therefore a necessary party to this action under Fed. R. Civ. P. 19.

5.

Defendant Timothy Lewis ("Defendant Lewis") is a resident of Clayton County, Georgia, and can be served with process at 5790 Highway 85, Building 601, Apartment 6, Riverdale, Georgia.

6.

Defendant Lewis was driving the Repair Vehicle that was involved in the accident at issue in this matter, and is therefore a necessary party to this action under Fed. R. Civ. P. 19.

7.

Defendant Richard J. Weston ("Defendant Weston") is a Florida Resident and can be served with process at 15691 SW 14th Street, Pembroke, Florida, 33027.

8.

Defendant Weston was driving a separate vehicle that was involved in the accident with the Southern Commercial vehicle that is the subject of this action. Defendant Weston, therefore is a necessary interested party to this declaratory judgment action under Fed. R. Civ. P. 19.

9.

On May 11, 2021, counsel for Defendant Weston issued 30-day time-limited-demand to State Farm demanding payment of the policy limits of $1,000,000.00 as compensation for Defendant Weston's injuries sustained in the accident at issue in this matter.

10.

Jurisdiction is proper in this Court under 28 U.S.C. § 1332 because diversity exists and the amount in controversy exceeds $75,000.00.

11.

Venue is proper in this Court under 28 U.S.C. § 1391(b).

## Facts

**A.     The Policy**

12.

On or about December 20, 2020, Defendant Southern Commercial was the named insured under the Policy. A true and correct copy of the Policy, with the applicable Declarations Page, is attached hereto as Exhibit "A."

13.

Per the Policy's Liability Coverage, State Farm agrees to pay "damages an *insured* becomes legally liable to pay because of (1) bodily injury to others; and (2) damage to property caused by an accident that involves a vehicle for which that *insured* is provided Liability Coverage by this policy. Exhibit A, Form 9811B at p. 6.

14.

As it relates to the questions presented in this action, an *insured* is defined by the Policy for purposes of liability coverage, as *you*, and "any *person* for his or her use of" the Vehicle provided that "[s]uch vehicle must be used within the scope of *your* consent." Exhibit A at Endorsement 6030JC, p. 1 of 3.

15.

Per the policy, the terms "*you*" and "*your*" means the "named insured or named insureds shown on the Declarations page". Exhibit A at Endorsement 6030JC, p. 1 of 3.

16.

The term *"person"* means "a human being." Exhibit A at Form 9811B, p. 5.

17.

Defendant Lewis is not a named insured shown on the Declarations page. Exhibit A at Declarations Page.

**B.    The December 19, 2020 Accident**

18.

On December 19, 2020, Defendant Lewis was operating the Repair Vehicle and was involved in an accident with Defendant Weston, that resulted in serious injuries to Defendant Weston, ("the Accident"). A true and correct copy of the Accident Report for the Accident is attached hereto as Exhibit "B".

**C.     Defendant Lewis's Possession and Use of The Vehicle - Generally**

19.

At all times relevant to this action, Defendant Lewis worked for Southern Commercial as a foreman, and was provided the Repair Vehicle by Southern Commercial for travel back and forth to work.

20.

When Mr. Lewis was provided the Vehicle by Southern Commercial, he signed a "MEMORANDUM FOR RECORD Re: SCRT Repair Vehicle Policy", a true and accurate copy of which is attached as Exhibit "C".

21.

The "MEMORANDUM FOR RECORD Re SCRT Repair Vehicle Policy" states in relevant part as follows:

> Selected foreman are authorized to take company vehicles home under the following conditions.
>
> 1. Employee understands that the use of company vehicles is a benefit that can be withdrawn at any time in the future at the management's sole discretion. Reasons for loss may include, but are not limited to excessive cost, misuse, damage, and change of work status.
>
> 2. With the use of vehicle for commuting, the employee agrees to be on emergency call for customer leak responses. Communication, reasonable response time, and availability for emergency calls is expected.
>
> 3. The employee agrees to and upholds the following conditions: ….

f. Truck is to be used only for travel back and forth to work unless on an emergency repair.

22.

Prior to the date of the Accident, Defendant Lewis had asked Southern Commercial for permission to use the Repair Vehicle for a personal errand on two occasions. On those two occasions, permission to use the Repair Vehicle for a personal errand was granted by Southern Commercial.

23.

As will be discussed in detail below, however, Defendant Lewis did not ask for permission to use the Repair Vehicle for a personal errand prior to using the Repair Vehicle for such an errand on the date of the Accident, December 19, 2020.

**D.     Defendant Lewis's Possession and Use of The Repair Vehicle – December 19, 2020.**

24.

December 19, 2020, the date of the Accident, was a Saturday.

25.

At the time of the Accident, Defendant Lewis was not operating the Repair Vehicle for purposes of travelling back and forth from work.

26.

At the time of the Accident, Defendant Lewis was not operating the Repair Vehicle for purposes of travelling to or from an emergency repair.

27.

At the time of the Accident, Defendant Lewis was using the Repair Vehicle to run a personal non-work related errand wherein he was travelling to and from IKEA.

28.

Prior to being involved in the Accident, Defendant Lewis had not asked Southern Commercial for permission to use the Vehicle for the purposes of running the personal non-work related errand he was running when the Accident occurred.

29.

Prior to being involved in the Accident, Southern Commercial had not provided Defendant Lewis with permission to use the Vehicle for the purposes of running the personal non-work related errand he was running when the Accident occurred.

30.

At the time of the Accident, Defendant Lewis was aware that he did not have permission from Southern Commercial to use the Vehicle for purposes of running the personal non-work related errand he was running when the Accident occurred.

COUNT I

(Declaratory Relief –Liability Coverage)

31.

State Farm Mutual reasserts and incorporates by reference, as if fully stated herein, Paragraphs 1 through 30 set forth above.

32.

The Policy provides Liability Coverage for *insureds*, which is defined by the Policy as either the named insureds or "any *person* for his or her use" of the Repair Vehicle provided that "[s]uch vehicle must be used within the scope of *your* consent." *See* Exhibit A, Form 9811 B at 6, and at Endorsement 6030JC, p. 1 of 3.

33.

MEMORANDUM FOR RECORD Re SCRT Repair Vehicle Policy provides that the Repair Vehicle was only to be used for travel to and from work unless on an emergency repair. Exhibit C.

34.

Defendant Lewis was not using the Repair Vehicle to travel to and from work when the Accident occurred.

35.

Defendant Lewis was not using the Repair Vehicle to travel to or from an emergency repair when the accident occurred.

36.

Although Defendant Lewis had been provided permission to use the Repair Vehicle on two prior occasions for other personal errands, Defendant Lewis was engaged in a personal errand with the Repair Vehicle for which he had not secured specific permission from Southern Commercial when the accident occurred.

37.

In light of the facts set forth above, there is uncertainty on behalf of State Farm Mutual on whether coverage should be afforded to Defendant Lewis for the claims of Defendant Weston under the Policy.

38.

More specifically, State Farm Mutual submits that given the facts set forth above, it is uncertain whether, under existing Georgia law, Defendant Lewis was using the Repair Vehicle at the time of the Accident within the scope of Southern

Commercial's consent, and consequently whether Defendant Lewis qualifies as an ***insured*** for purposes of the Policy's Liability Coverage.

39.

By virtue of the facts set forth herein, an actual controversy exists between State Farm Mutual and Defendants as to whether or not Liability Coverage should be afforded Defendant Lewis for the claims of Defendant Weston.

40.

Should State Farm Mutual refrain from seeking declaratory relief at this time and deny coverage, State Farm Mutual assumes the risk of an action against it for the amount of any judgment, subject to the applicability of any underlying coverage (if any) and the applicable policy limit, which might be rendered against Defendant Lewis, plus additional exposure for purported "bad faith".

41.

State Farm Mutual submits that the question of whether the Policy provides Liability Coverage to Defendant Lewis for the claims of Defendant Weston is in dispute. Consequently, given Defendant Weston's time limited demand, State Farm Mutual is in a position of uncertainty and insecurity.

42.

State Farm Mutual, therefore, respectfully requests that the Court enter judgment in State Farm Mutual's favor, concluding that:

a. The Policy affords no Liability Coverage to Defendant Lewis for the claims of Defendant Weston; and,

b. State Farm Mutual can legally deny coverage under the Policy's Liability Coverage to Defendant Lewis and Defendant Weston.

WHEREFORE, State Farm Mutual respectfully prays for a trial by jury and that this Court enter a judgment in favor of State Farm Mutual as requested above, and such other relief as this Court deems reasonable and appropriate.

Respectfully submitted this 1st day of June, 2021.

*John C. Patton, Esq.*
John C. Patton, **Lead Counsel**
Georgia Bar No. 567232
jpatton@taylorenglish.com

TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 400
Atlanta, Georgia 30339
Telephone: 770-434-6868
Facsimile: 770-434-7376

*Attorneys for State Farm Mutual Automobile Insurance Company*